Kaufman Dolowich Voluck & Gonzo LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100
Facsimile: (516) 681-1101
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

JULIAN ROSARIO, on behalf of himself and all others similarly
situated,

                              Plaintiffs,

        -against-

VALENTINE AVENUE DISCOUNT STORE CO., INC., EL
MUNDO OF 133RD STREET, INC., EL MUNDO OF
AMSTERDAM, INC., EL MUNDO OF JAMAICA, INC.,
EL MUNDO OF KNICKERBOCKER, INC., EL MUNDO OF
SOUTHERN BOULEVARD, INC., EL MUNDO OF
STEINWAY, INC., EL MUNDO OF WILLIS AVENUE, INC.,
AMERICAN PLACE AT 86TH STREET, INC., AMERICAN
PLACE AT FOURTH AVENUE, INC., AMERICAN PLACE AT
NOSTRAND, INC., AMERICAN PLACE OF BROADWAY,
INC., 13TH AVENUE BERGAMENT HOME CENTER, INC., 146
ST. DISCOUNT CENTER CO. INC., 158 ST. DISCOUNT
CENTER CO., INC., AMERICAN DEPARTMENT STORE INC.,
BERGAMENT OUTLET CENTER INC., EL MUNDO HOLDING
CO. INC., GRAND CONCOURSE DISCOUNT INC., GRANT
DEPARTMENT STORE CO. INC., WILLIS AVENUE
DISCOUNT CENTER CO. INC., DOMINICANO
DEPARTMENT STORE, INC., EL MUNDON DEPARTMENT
STORE, INC., FIVE STAR DEPARTMENT STORE, INC.,
HAMILTON VARIETY CO. INC., AMERICAN HOME CTR,
KINGSTONE DISTRIBUTORS CO., INC., and RAYMOND
SROUR, an individual,

                            Defendants.

-------------------------------------------------------------------------X

Case No. 10-CV-5255
(ERK)(LB)

## **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY CERTIFICATION**

Attorneys of Record:
    Keith Gutstein, Esq.
    Jeffery A. Meyer, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

ARGUMENT ........................................................................................................... 3

    A.    Conditional Collective Action Certification Standards ............................ 3

        1.    The Instant Motion Should Be Denied as Plaintiff Has Failed
             To Submit Any Evidence That the Violations He Alleges Occurred
             At Locations Beyond Where He Worked ............................................. 6

        2.    The Declarations Submitted by Plaintiff Should Be Stricken Because
             They Contain Inadmissible Hearsay, Legal Conclusions, Speculation
             and Unsupported Personal Beliefs ....................................................... 7

        3.    Conclusion .......................................................................................... 9

    B.  Plaintiffs' Proposed Notice Is Inappropriate ........................................... 10

        1.    The Proposed Notice Period Is Too Broad ........................................ 10

        2.    The Scope of the Proposed Class Is Overly Broad ............................ 11

        3.    The Notice Must Inform The Putative Class Of Their Rights
             And Responsibilities ......................................................................... 12

        4.    Plaintiff's Discovery Requests Are Overly Broad and a Breach of
             Employees' Right to Privacy ............................................................. 14

CONCLUSION ....................................................................................................... 16

## TABLE OF AUTHORITIES

**CASES**                                                          **PAGE NO.**

Anglada v. Linens 'N Things, Inc.,
2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. April 26, 2007) .................................3, 4, 7

Armstrong v. Weichert Realtors,
No. 05 Civ. 3120, 2006 WL 1455781 (D.N.J. May 19, 2006) .................................. 7

Bah v. Shoe Mania, Inc.,
2009 U.S. Dist. LEXIS 40803 (S.D.N.Y. May 13, 2009) ......................................... 6

Barfield v. N.Y.C. Health and Hospital Corp.,
No. 05 Civ. 6319, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) ......................... 7, 9

Belcher v. Shoney's, Inc.,
927 F. Supp. 249 (M.D.Tenn. 1996) ....................................................................... 12

Braunstein v. Eastern Photographic Laboratories, Inc.,
600 F.3d 335 (2d Cir. 1978) .................................................................................... 3

Diaz v. Elect. Boutique of America, Inc.,
2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2005) ....................................... 4

Echeverria v. Las Vegas Beach, Inc.,
2010 U.S. Dist. LEXIS 61107 (S.D. Fla. June 1, 2010) ........................................... 5

Eng-Hatcher v. Sprint Nextel Corp.,
2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009) ...................................... 6

England v. New Century Fin. Corp.,
370 F.Supp.2d 504 (M.D. La. 2005).......................................................................... 4

Flores v. Osaka Health Spa, Inc.,
2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006) ................................... 3, 8

Gayle v. Harry's Nurses Registry, Inc.,
2009 U.S. Dist. LEXIS 17768 (E.D.N.Y. Mar. 9, 2009) ......................................... 16

H&R Block v. Housden,
186 F.R.D. 399 (E.D. Tex. 1999) .............................................................................. 5

Hall v. Burk,
No. 01 Civ. 2487, 2002 WL 413901 (N.D.Tex. Mar.11, 2002) ................................ 8

Harrison v. McDonald's Corp.,
411 F.Supp.2d 862 (S.D. Ohio 2005) ..................................................................... 9

Heagney v. European American Bank,
122 F.R.D. 125 (E.D.N.Y. 1988)............................................................................. 5

Hinterberger v. Catholic Health Sys.'
2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. Oct. 20, 2009) ..................................... 15

Hoffman-La Roche Inc. v. Sperling,
493 U.S. 165 (1989) ...................................................................................3, 15

Laroque v. Domino's Pizza, LLC,
557 F.Supp.2d 346 (E.D.N.Y. 2008) ...................................................................... 6

Larouche v. Webster,
175 F.R.D. 452 (S.D.N.Y. 19996) .......................................................................... 9

Lee v. ABC Carpet & Home,
236 F.R.D. 193 (S.D.N.Y. 2006) ............................................................................ 5

Levinson v. Primedia, Inc.,
2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. 2003) .................................................... 4

Mares v. Caesars Entertainment Inc.,
2007 U.S. Dist. LEXIS 2539 (S.D. Ind. Jan. 10, 2007) ........................................... 7

McLaughlin v. Richland Shoe Co.,
486 U.S. 128 (1998)............................................................................................... 10

McElrnuriy v. US Bank Nat'l Assn.,
No. 04 Civ. 642, 2004 WL 1675925 (D. Or. July 27, 2004) ................................... 4

Monger v. Cactus Salon & Spa's LLC,
2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009) .......................................... 6

Moung Su Kim v. Kap Sang Kim,
2010 U.S. Dist. LEXIS 72236 (E.D.N.Y. July 19, 2010) ....................................... 15

Myers v. Hertz Corp.,
2010 U.S. App. LEXIS 22098 (2d Cir. October 27, 2010) ............................3, 4, 11

Prizmic v. Armour, Inc.,
2006 U.S. Dist. LEXIS 42627 (S.D.N.Y. June 12, 2006) ........................................ 3

Rosen v. Reckitt & Colman, Inc.,
No. 91 Civ. 1675, 1994 WL 652534 (S.D.N.Y. Nov 17, 1994) .............................. 12

Ruggles v. WellPoint, Inc.,
591 F. Supp. 2d 150 (N.D.N.Y. 2008) ................................................................. 15

Scholtisek v. Eldre Corp.,
229 F.R.D. 381 (W.D.N.Y. 2005) ......................................................................... 4

Schwed v. Gen. Elec.,
159 F.R.D. 373 (N.D.N.Y. 1995) .......................................................................... 13

Seever v. Carrols Corp.,
528 F.Supp.2d 159 (W.D.N.Y. 2007) ................................................................... 7

Summa v. Hofstra Univ.,
715 F. Supp. 2d 378 (E.D.N.Y. 2010) ................................................................. 15

Updite v. Delta Beverage Group, Inc.,
No. 06 Civ. 0593, 2006 WL 3718229 (W.D. La. Dec. 15, 2006)............................. 11

Vaicaitiene v. Partners in Care, Inc.,
No. 04 Civ. 9125, 2005 WL 1593053 (S.D.N.Y. July 6, 2005) ................................ 10

Walton v. United Consumers Club, Inc.,
786 F.2d 303 (7th Cir. 1986) .............................................................................. 10

Wills v. Amerada Hess Corp.,
379 F.3d 32 (2d Cir. 2004) ................................................................................. 15

## MISCELLANEOUS

29 U.S.C. §216(b) ............................................................................................... 7

29 U.S.C. § 255(a) ............................................................................................... 10

Fed.R.Civ.P. 54(d) .............................................................................................. 12

## I.     PRELIMINARY STATEMENT

Just as their first motion failed, the instant motion for conditional certification of an FLSA collective action should be denied as: (i) the affidavits submitted in support of the pending motion blatantly contradict Plaintiff's previous submissions; (ii) said affidavits fail to provide any additional supporting evidence, other than inadmissible hearsay and inconsistent testimony, that the instant motion should be granted; (iii) Plaintiff and Declarant have failed to demonstrate that they are "similarly situated" to other putative FLSA collective action members; (iv) Plaintiff has failed to meet his burden of showing even a modest level of relatedness amongst the various named Defendants; (v) Plaintiff's proposed notice is unnecessary, overly broad and otherwise prohibited by law; and (vi) Plaintiff's request for information, including but not limited to employees' social security numbers and dates of birth, is overly broad and patently unnecessary.

While given every opportunity by the Court to submit a motion on which collective certification may be granted, Plaintiff has yet again failed to meet even the most rudimentary of pleading standards.  While Plaintiff submits new affidavits from the same two (2) affiants who were included in the initial motion, said affidavits not only contradict their prior submissions to the Court, they conclusively provide that the two (2) affiants are not similarly situated.  Moreover, Plaintiff has failed to procure even one more affidavit in support of his otherwise unsupportable claim that he is similarly situated to a broad range of employees at twenty eight (28) distinct Defendant entities throughout the New York area.

1

While Plaintiff Julian Rosario ("Plaintiff") admitted he was only employed by Defendant Valentine Avenue Discount Store Co., Inc. ("Valentine") and none of the other twenty-seven (27) named corporate Defendants in his first affidavit, he now has miraculously identifies a second Defendant, Grand Concourse Discount Inc. Store ("Grand Concourse"), with whom he was employed as recently as 2009. *See* Rosario Declaration dated March 16, 2011 ("First Rosario Declaration"), ¶ 1, 2; *see also* Rosario Declaration dated June 3, 2011 ("Second Rosario Declaration"), ¶1-2, 10. This revelation explicitly contradicts Plaintiff's sworn statement in his first affidavit that "I worked at [Valentine] at all times during my employment." *See First Rosario Declaration,* ¶ 1. Moreover, Plaintiff's job duties have also changed since the execution of his first affidavit in March 2011. *See First Rosario Declaration,*, ¶ 2 (stocked shelves, performed inventory); *Second Rosario Declaration,* ¶ 3, 10, 13 (receiving merchandise, sales, helping customers, pricing, cleaning the floor, and make repairs in the electronics and detergent departments).

Declarant Maria Gomez ("Declarant") asserted in her initial supporting declaration that she was employed by Valentine and "various El Mundo" stores without identifying which specific locations, if any, that she worked at and worked during period outside the scope of the FLSA collective statute of limitations. *See* Gomez Declaration dated March 16, 2011 ("First Gomez Declaration"), ¶ 1, 2. While Declarant now purports to recall six (6) locations which she worked at, no less than four (4) of the named Defendant employers were during periods outside the scope of the FLSA statute of limitations. *See* Gomez Declaration dated June 3, 2011 ("Second Gomez Declaration"), ¶ 2, 10, 13, 15. Similarly, just as Plaintiff's job duties changed

2

from one affidavit to the next, so did Declarant's. *See First Gomez Declaration*, ¶ 3 (stocking, performing inventory, sales and cleaning); *Second Gomez Declaration*, ¶ 3, 10, 17 (sales, receiving merchandise, helping customers, mopping, pricing, display, cleaning the carpet, and placing alarm tags on clothes). Declarant also claims to have been paid, at times, on an hourly basis, contrary to Plaintiff's assertion that he was paid weekly. *See Second Gomez Declaration*, ¶ 24-25; *Second Rosario Declaration*, ¶ 5, 9, 12.

Since the filing of the first conditional certification motion and having been given every opportunity by the Court to do so, Plaintiff has yet again failed to offer other declarations on behalf of employees who purported worked at any of the other named corporate Defendants or who performed similar duties. *See Valli Affirmation*, ¶ 4. Despite these facts, and the fact that Plaintiff (i) worked only at Valentine and (now) Grand Concourse and none of the other named Defendants in which he has never set foot, and (ii) performed very limited job duties, he claims to be "similarly situated" to every "non-managerial employee" of the named Defendants who "were not paid time and one-half for any work performed in excess of 40 hours per week." *See Valli Affirmation*, Exhibit 5 - Plaintiff's proposed Notice of FLSA Overtime Lawsuit, p. 1.

Plaintiff, a former employee of Valentine, has not provided the Court with sufficient evidence to warrant the sweeping relief sought.    There are no current employees that are named or are participating as declarants in Plaintiff's pending motion.   Plaintiff's motion relies on only two (2) declarations from individuals who were employed for periods outside the statutory period, hearsay statements, false statements of law and conclusory allegations.    Most notably, the latest round of

declarations submitted by Plaintiff flatly contradicts his prior submissions. The only thing the submitted declarations demonstrate is that Plaintiff is dissimilar to both the Declarant and those he seeks to represent. Plaintiff's declarations demonstrate that the experiences of one putative member of the collective action are different from his and that the experiences of one cannot be used as representative of others. This is the antithesis of a collective action. Plaintiff has not identified any common policy amongst the twenty-eight (28) named Defendants that violates the FLSA; Plaintiff similarly propounds conclusory allegations regarding his employment at Valentine.

Plaintiff has utterly failed to demonstrate that the putative FLSA collective class, inclusive of the remaining twenty–seven (27) corporate Defendants, where he never worked, are "similarly situated," the instant motion for conditional certification should be denied as a matter of law. Moreover, the instant motion should be dismissed as the proposed notice is overbroad in its scope and unfairly prejudices the Defendants.

## II.   **ARGUMENT**

### A.   **Conditional Collective Action Certification Standards**

District courts may only conditionally certify a collective action in "appropriate cases" where the plaintiff proves he is "similarly situated" to those he seeks to represent. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989); Myers v. Hertz Corp., 2010 U.S. App. LEXIS 22098, *42 (2d Cir. October 27, 2010); Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.3d 335, 336 (2d Cir. 1978); 29 U.S.C. §216(b). While the FLSA does not define what it means to be "similarly situated," district courts in New York have generally adopted a "two-step" approach. *See* Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627, *6 (S.D.N.Y. June 12, 2006); Flores v.

4

Osaka Health Spa, Inc., 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006). The Second Circuit recently found this approach "sensible." Myers, 2010 U.S. App. LEXIS 22098 at *42.

The first stage, sometimes referred to as the "notice" stage, occurs before substantial discovery has been completed. At this stage, plaintiffs are required to make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. Id; Anglada v. Linens 'N Things, Inc., 2007 U.S. Dist. LEXIS 39105, *11 (S.D.N.Y. April 26, 2007). Significantly, it is not enough that a plaintiff allege *he* has been subjected to a practice that violates the FLSA; a plaintiff must demonstrate that: (1) the defendant established a policy that violated the FLSA; and (2) that *others* have been subjected to this policy. Id., Scholtisek v. Eldre Corp., 229 F.R.D. 381, 389 (W.D.N.Y. 2005) (emphasis added). Where a plaintiff has neither identified a policy that violates the law or demonstrated that the policy was common to others he seeks to represent, the case cannot proceed collectively and must proceed on an individual basis. *See* Levinson v. Primedia, Inc., 2003 U.S. Dist. LEXIS 20010, *4-5 (S.D.N.Y. 2003) (denying motion for conditional certification and noting, "While plaintiffs have provided factual assertions in support of the claim…that *they* were deprived of a minimum wage and overtime rates, they have failed to make a sufficient showing that the same was true for *other* potential plaintiffs.") (emphasis in original). Where the alleged violation requires individualized factual determinations, class members cannot be "similarly situated." *See* Diaz v. Elect. Boutique of America, Inc., 2005 U.S. Dist. LEXIS 30382, *13-15 (W.D.N.Y. Oct. 17, 2005) (finding plaintiffs were not "similarly situated" to those they sought to

represent based on the existence of individual inquiries needed to resolve plaintiffs' exempt status); McElmurriy v. US Bank Nat'l Assn., No. 04 Civ. 642, 2004 WL 1675925, at *16 (D. Or. July 27, 2004) (Plaintiffs "fail[ed] to show a single course of action binding the putative class together. Rather, the similarly situated determination in terms of actual wage loss [would require] individual employee-by-employee, time sheet by time sheet inquiries which are inconsistent with a collective action's goal of promoting judicial efficiency."); England v. New Century Fin. Corp., 370 F.Supp.2d 504 (M.D. La. 2005) (where damages analysis required case-by-case inquiry, certification inappropriate). Moreover, plaintiffs cannot rely upon unsupported assertions. Myers, 2010 U.S. Dist. LEXIS 220909 at *43.

In determining whether individuals are "similarly situated," Courts look at various factors, including: (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar. Echeverria v. Las Vegas Beach, Inc., 2010 U.S. Dist. LEXIS 61107, *4 (S.D. Fla. June 1, 2010).

As stated in Heagney v. European American Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988), an FLSA collective determination is appropriate when there is "a demonstrated similarity among the individual situations...some factual nexus which binds the named plaintiffs and the potential class members together as victims of a

6

particular alleged [illegal policy or practice]."   Thus, a court can foreclose a plaintiff's right to proceed collectively if "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." Heagney, 122 F.R.D. at 127.   Courts require at least "substantial allegations that the putative class members were together victims of a single decision, policy or plan infected by [illegality]." H&R Block v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) ("The test is whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action")

> 1. The Instant Motion Should Be Denied as Plaintiff Has Failed to Submit Any Evidence That the Violations He Alleges Occurred at Locations Beyond Where He Worked.

Here, Plaintiff has not identified any common policy that violates the FLSA at the Valentine location, not mention the twenty-six (26) other named entities. Absolutely no reference is made to the other Defendants nor is Plaintiff capable of making any legitimate, non-conclusory statement regarding their pay practices.   Instead, he has merely set forth his purported pay practices at Valentine and Grand Concourse. Moreover, Declarant's submission adds nothing to Plaintiff's attempt to meet his initial burden as it discusses periods outside the statutory period and incorporates conclusory allegations.   As the complaints set forth in each declaration are unique to both the Plaintiff and Declarant, Plaintiff's motion for conditional certification should be denied. *See* Bah v. Shoe Mania, Inc., 2009 U.S. Dist. LEXIS 40803 (S.D.N.Y. May 13, 2009) (limiting conditionally certified class to one location where the affidavit submitted by plaintiff failed to describe in any non-conclusory fashion alleged violations at other

locations); <u>Laroque v. Domino's Pizza, LLC</u>, 557 F.Supp.2d 346 (E.D.N.Y. 2008) (denying request to conditionally certify a broad collective action covering multiple locations where the plaintiffs' failed to produce evidence that any violation occurred beyond the location where they worked); <u>Monger v. Cactus Salon & Spa's LLC</u>, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009) (denying conditional certification of broad collective action and limiting case to one location due to the absence of evidence that policies are the same at different locations); <u>Eng-Hatcher v. Sprint Nextel Corp.</u>, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009) (denying motion for conditional certification finding "anecdotal hearsay" is not "admissible proof" and insufficient to permit conditional certification, even under the lenient standard some courts have applied to such motions); <u>Anglada v. Linens 'N Things, Inc.</u>, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. April 26, 2007) (refusing to conditionally certify broad collective action where plaintiff failed to produce evidence from employees located at stores other than where plaintiff worked); <u>Seever v. Carrols Corp.</u>, 528 F.Supp.2d 159, 174 (W.D.N.Y. 2007) (denying motion to conditionally certify nationwide collective action based on affidavits of employees that worked at two Burger King restaurants); <u>Mares v. Caesars Entertainment Inc.</u>, 2007 U.S. Dist. LEXIS 2539, *9-11 (S.D. Ind. Jan. 10, 2007) (conditional certification of a collective action denied as to all locations owned by a defendant; the court determined that affidavits that asserted "conversations with others" about similar policies and procedures claimed to be in effect at other locations owned by the defendant were insufficient and conclusory).

> 2. <u>The Declarations Submitted by Plaintiff Should Be Stricken Because They Contain Inadmissible Hearsay, Legal Conclusions, Speculation and Unsupported Personal Beliefs.</u>

8

Moreover, Plaintiff relies on nothing more than unsubstantiated and conclusory hearsay in an effort to carry his burden in the case at bar. *See, inter alia, Second Rosario Declaration,* ¶ 5, 7, 8, 12, 14-16, 18; *Second Gomez Declaration,* ¶ 6, 12, 19, 26, 27-31, 36, 39, 40. However, legal conclusions, hearsay, speculation, and personal beliefs are not considered when evaluating whether Plaintiff have met his burden of establishing a common illegal policy or practice. Myers, 2010 U.S. App. LEXIS 22098 at *43; Barfield v. N.Y.C. Health and Hospital Corp., No. 05 Civ. 6319, 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying conditional class certification where plaintiff produced only "limited anecdotal hearsay" that the problem of which she and one witness complained was a widespread practice); Armstrong v. Weichert Realtors, No. 05 Civ. 3120, 2006 WL 1455781, at *2 (D.N.J. May 19, 2006) (disregarding statements in plaintiff's declaration about unspecified co-workers and not founded on personal knowledge). Likewise, only admissible evidence is considered when evaluating whether Plaintiff is similarly situated to the putative FLSA class. *See* Hall v. Burk, No. 01 Civ. 2487, 2002 WL 413901, at *3 (N.D.Tex. Mar.11, 2002) (conditional certification inappropriate as "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden").

Not only do the statements submitted by Plaintiff rely upon false statements of law (i.e., payment for only first 40 hours of work and that they were not paid the "required minimum hourly rate of pay" during 2004 to 2009), they also rely on rank hearsay. Plaintiff states that "upon information and belief, Raymond owns a location in Brooklyn which is where the payroll is run and paychecks for all employees come from" and that he was aware of other employees' pay structures having "spoken to my

9

co-worker Miguel Defana...and he has also complained of not being paid minimum wage and overtime pay." *See Second Rosario Declaration*, ¶ 16, 18.     However, Plaintiff's statement does not explain what he discussed or when he discussed these issues. Nor does in explain why the purported co-worker in question, Miguel Defana, has failed to provide a supporting affidavit which would presumably verify such hearsay statements.     Plaintiff does not identify one other employee who was purportedly subjected to the policies, plans or schemes in violation of the FLSA which Plaintiff alleges. Similarly, Declarant's statement does not identify what she believed her "minimum wage or overtime pay" to be. *See Second Gomez Declaration* ¶ 6, 12, 21, 24, 26, 31, 34, 36.

These hearsay statements serve as the foundation for Plaintiff's evidentiary showing and are precisely the kind of hearsay that forms an insufficient evidentiary basis for authorizing notice. Flores, *supra*, 2006 U.S. Dist. LEXIS 11378 (rejecting request for collective certification where evidence consisted of plaintiff's alleged "understanding" of hours worked by others); Barfield, *supra*, 2005 U.S. Dist. LEXIS 28884 (denying motion for collective certification of hospital nurses and holding that "anecdotal hearsay" is insufficient to establish purported company-wide unlawful policy or plan); Larouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 19996) ("when ultimate facts and legal conclusions appear in an affidavit, such extraneous material should...be disregarded by the court."); Harrison v. McDonald's Corp., 411 F.Supp.2d 862 (S.D. Ohio 2005) (declarations must be based on admissible evidence). Accordingly, the Court should disregard allegations that are unsupported and based on hearsay and legal conclusions.

10

### 3. Conclusion

As set forth above, Plaintiff's motion lacks any proof of a common policy that violates the law with regard to the Valentine location. But for Declarant's reference to certain stores outside the statute of limitations period and Plaintiff's newly discovered employment at Grand Concourse, the instant application is entirely silent as to the remaining named Defendants and does not draw any correlation between Valentine and the multiple other named Defendants. Plaintiff has simply failed to set forth any evidence, based on personal knowledge, with regard to any of the other corporate Defendants. Accordingly, even if the Court were to consider the two declarations riddled with hearsay and unsupported assertions, the statements do not establish that current and former employees were subjected to any policy that violated the law. The affidavits, at most, demonstrate conflicting accounts and individual experiences of two (2) former employees who worked at the same location (i.e., Valentine) as well as Declarant's purported employment at other locations over a decade ago. These individuals' accounts cannot be tried on a collective basis, and require an individualized inquiry into each person's experience, the antithesis of a collective action.

### B. Plaintiffs' Proposed Notice Is Inappropriate.

#### 1. The Proposed Notice Period Is Too Broad.

If the Court is inclined to grant conditional certification, the notice should have a two (2) year window, not three (3) years as requested by Plaintiffs. The statute of limitations under the FLSA is two (2) years, unless the employer's violation was "willful," in which case it is three (3) years. 29 U.S.C. § 255(a). A

11

violation of the FLSA is willful where "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1998). The burden of showing that the employer's alleged violation of the FLSA was willful is on the plaintiff seeking to invoke the extended statute of limitations. See, e.g., Walton v. United Consumers Club, Inc., 786 F.2d 303, 308 (7th Cir. 1986). While Plaintiffs' pleading and motion assert the violations were willful, no facts are alleged supporting this legal conclusion. Accordingly, the notice should be limited to the standard FLSA limitations period of two (2) years.

Moreover, should the Court certify the collective action here, the time period for any notice must be measured from the date of the Court's Order. The statute of limitations is not tolled for putative members' claims until they file consents to join the action with the Court, regardless of when the Complaint was filed. Measuring the temporal scope of the class from the date of the Complaint, rather than the date of the Court's Order, would result in sending notices to individuals who are barred from asserting claims. See Vaicaitiene v. Partners in Care, Inc., No. 04 Civ. 9125, 2005 WL 1593053, at *7 (S.D.N.Y. July 6, 2005) ("[T]he notice should extend to those employed up to three years prior to this Opinion"); Updite v. Delta Beverage Group, Inc., No. 06 Civ. 0593, 2006 WL 3718229, at *5 (W.D. La. Dec. 15, 2006) (since notice is limited to employees who could file timely claims, notice sent based on court's certification order).

2.    The Scope of the Proposed Class Is Overly Broad

Plaintiff has asked the court to conditionally certify this case as a collective

12

action.  Other than this request, Plaintiff does not identify the specific relief he seeks.
As the Second Circuit recently explained, "certification" of a collective action refers
only to the district court's exercise of its discretionary power to facilitate the sending of
a notice.  Myers, *supra*, 2010 U.S. App. LEXIS 22098, at 44 n. 8.

Plaintiff seeks to conditionally certify a class of all "non-managerial
employees" who worked more than 40 hours a week at any of the named Defendants.
*See Vagnini Affirmation*, Exhibit 5.  For the reasons set forth above in Section II.A(1),
Plaintiff's motion should be denied as it fails to describe in any non-conclusory fashion
alleged violations at other locations where Plaintiff and Declarant did not work.  As
such, all other corporate Defendants, but for Valentine, must be excluded as Plaintiff
has submitted no admissible evidence establishing that employees of the other
corporate Defendants are "similarly situated" to him.

By definition (i.e., "all non-managerial employees"), the notice also includes
positions Plaintiff never held.  Any notice, if authorized, should be limited to the
positions Plaintiff held.   *Second Rosario Declaration*, ¶ 3, 10, 13 (receiving
merchandise, sales, helping customers, pricing, cleaning the floor, and make repairs in
the electronics and detergent departments).   As such broad language would include
every employee of Defendants, this language appears to have been included in an effort
to broaden the scope of the collective action without having to submit any evidence in
support of the request.

3.   The Notice Must Inform the Putative Class Of Their Rights
     And Responsibilities.

The content of the notice should be balanced, summarizing not only Plaintiffs'

claims against Defendants, but also Defendants' defenses. *See* Belcher v. Shoney's, Inc., 927 F. Supp. 249, 253 (M.D.Tenn. 1996) (authorizing notice that included statement of employer's affirmative defenses). Any notice should include a statement that, as "opt-in" plaintiffs, individuals who file consents to opt-in will be subject to discovery obligations, which may include providing deposition or trial testimony under oath, responding to document requests, and/or responding to requests for information. Rosen v. Reckitt & Colman, Inc., No. 91 Civ. 1675, 1994 WL 652534 (S.D.N.Y. Nov 17, 1994) (Prospective opt-in plaintiffs also should be warned that they could be liable for Defendants' costs in defending the case if the Defendants ultimately prevail in this matter. *See* Fed.R. Civ.P. 54(d). Prospective opt-in plaintiffs should be required to sign the form under penalty of perjury.

Prospective opt-in plaintiffs should not be required to designate Plaintiffs' law firm as their counsel, and the notice should state that opt-in plaintiffs are entitled to retain their own counsel. Opt-in plaintiffs are not required to accept representation by Plaintiffs' counsel in order to participate in this case. *See e.g.,* Schwed v. Gen. Elec., 159 F.R.D. 373, 380 (N.D.N.Y. 1995) (holding that each opt-in plaintiff is entitled to be represented by Plaintiffs' attorneys or by an attorney of their own choosing). Similarly, opt-in notices should be sent to the Court, rather than Plaintiffs' counsel. Returning said notice to Plaintiffs' counsel, rather than the Court, inappropriately discourages employees from seeking outside counsel. *See* Garcia v. Elite Labor Serv., Case No. 95 Civ. 2341, 1996 U.S. Dist. LEXIS 9824, at *5 (N.D. Ill. July 11, 1996) (noting that majority of courts direct parties to submit opt-in forms to clerk of court); Guzman v. VLM, Inc., Case No. 07 Civ. 1126, 2007 U.S. Dist. LEXIS

75817 (E.D.N.Y. Oct. 11, 2007) (notice shall direct the recipients to submit their consent forms to the Clerk of Court, not to the plaintiffs' attorneys).

 4. Plaintiff's Discovery Requests Are Overly Broad and a Breach of Employees' Right to Privacy

To facilitate notice, Plaintiff has requested that Defendants provide, in a computer readable manner, the names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, dates of birth, Social Security numbers, and dates of employment, for each potential opt-in plaintiff. Like most pretrial discovery, Plaintiff's request involves a matter entrusted to the court's sound discretion. *See* Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004) (recognizing the district court's "broad discretion to direct and manage the pre-trial discovery process"). Defendants concede that when a court determines notice is appropriate, the defendants have a well-established obligation to provide the names and addresses of potential opt-in plaintiffs. *See, supra*, Hoffmann-La Roche, 493 U.S. at 170. But, it contends that it should not be required to produce the additional information Plaintiffs request here because disclosure would impact the privacy interests of potential class members. Accordingly, Defendants assert that, in the interest of privacy, they need not produce phone numbers, social security numbers, dates of birth, and e-mail addresses. *See* Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008) (denying plaintiffs' request for telephone numbers and social security numbers); Hinterberger v. Catholic Health Sys., 2009 U.S. Dist. LEXIS 97944, 35-36 (W.D.N.Y. Oct. 20, 2009); Moung Su Kim v. Kap Sang Kim, 2010 U.S. Dist. LEXIS 72236, 6-7 (E.D.N.Y. July 19, 2010) (court declined to order the defendant to produce the Social Security numbers for such persons); Summa v. Hofstra Univ., 715 F.

Supp. 2d 378, 382 (E.D.N.Y. 2010) (court granted Plaintiffs' request for names and addresses of potential class members but denied Plaintiffs' application for additional information, such as e-mail addresses, Social Security numbers and dates of employment of these individuals); <u>Gayle v. Harry's Nurses Registry, Inc.</u>, 2009 U.S. Dist. LEXIS 17768, 35-36 (E.D.N.Y. Mar. 9, 2009).

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion should be denied in its entirety. In the alternative, only a subset of Plaintiff's purported FLSA collective class should receive notice negotiated by counsel in accordance with this Opposition, and posting of notices should not permitted.

Dated:   Woodbury, New York
             June 23, 2011

Respectfully submitted,

By:   ___/s/ Jeffery A. Meyer_____
        Jeffery A. Meyer (JM-4468)
        Kaufman Dolowich Voluck & Gonzo LLP
        135 Crossways Park Drive, Suite 201
        Woodbury, New York 11797
        Phone: (516) 681-1100
        Facsimile: (516) 681-1101

ND: 4813-7911-4505, v. 2