UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JULIAN ROSARIO, *on behalf of himself and all others similarly situated*,

        Plaintiff,

-against-

VALENTINE AVENUE DISCOUNT STORE, CO., INC., EL MUNDO OF 133RD STREET, INC., EL MUNDO OF AMSTERDAM, INC., EL MUNDO OF JAMAICA, INC., EL MUNDO OF KNICKERBOCKER, INC., EL MUNDO OF SOUTHERN BOULEVARD, INC., EL MUNDO OF STEINWAY, INC., EL MUNDO OF WILLIS AVENUE, INC., AMERICAN PLACE AT 86TH STREET, INC., AMERICAN PLACE AT FOURTH AVENUE, INC., AMERICAN PLACE AT NOSTRAND, INC., AMERICAN PLACE OF BROADWAY, INC., 13TH AVENUE BERGAMENT HOME CENTER, INC., 146 ST. DISCOUNT CENTER CO., INC., 158 ST. DISCOUNT CENTER CO., INC., AMERICAN DEPARTMENT STORE, INC., BERGAMENT OUTLET CENTER, INC., ELMUNDO HOLDING CO., INC., GRAND CONCOURSE DISCOUNT, INC., GRANT DEPARTMENT STORE CO., INC., WILLIS AVENUE DISCOUNT CENTER CO., INC., DOMINICANO DEPARTMENT STORE, INC., EL MUNDO DEPARTMENT STORE, INC., FIVE STAR DEPARTMENT STORE, INC., HAMILTON VARIETY CO., INC., AMERICAN HOME CTR., KINGSTONE DISTRIBUTORS CO., INC., and RAYMOND SROUR,

        Defendants.

**ORDER**
**10 CV 5255 (ERK) (LB)**

----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff moves to compel defendants to produce the names, last known addresses, telephone numbers, and dates of employment for potential opt-in plaintiffs and to post the notice

of pendency and consent forms in each of the stores. (Docket entry 34.) Defendants have responded to plaintiff's motion and admit that they have not produced this information as directed by the Court. (Docket entry 35.) Defendants provide a number of excuses why they have been unable to produce the potential opt-in plaintiffs' information, including that a snowstorm destroyed employee records, that some of the stores have been out of business "for a significant period of time," and that defendants have requested payroll records from a third-party payroll company. (Id.)

The Court held a telephone conference on January 5, 2012 to address plaintiff's motion to compel. For the following reasons, plaintiff's motion to compel is granted.

By Memorandum and Order dated November 2, 2011, the Court granted plaintiff's motion for conditional certification as a collective action under the FLSA and directed defendants to produce the names, last known addresses, telephone numbers, and dates of employment for potential opt-in plaintiffs by November 18, 2011. (Docket entry 27.) The Court also directed defendants to post the notice of pendency and consent forms in each of the stores by December 2, 2011. (Id.) Upon the request of defendants' former counsel,[1] the Court extended the time for defendants to produce the information regarding potential opt-in plaintiffs until November 30, 2011 and extended the time for defendants to post the notice in the stores until December 14, 2011. No further request was made to extend the time to produce the information required by the Court's Order. Defendants have failed to provide plaintiff with any information regarding the potential opt-in plaintiffs and have failed to post the notice of pendency and consent forms in any store. Defendants' failure to comply with the Court's Order is unacceptable.

---

[1] Defendants' current counsel appeared in this action on December 6, 2011. (Docket entry 32.)

Defendants shall produce to plaintiff the names, last known addresses, telephone numbers, and dates of employment for potential opt-in plaintiffs by January 12, 2012.  If defendants are unable to produce some of the potential opt-in plaintiffs' information, defendants shall file an affidavit by Raymond Srour or someone with personal knowledge and the authority to bind the defendant entities by January 12, 2012 stating what specific information has not been produced and what efforts have been made to locate and produce the Court-ordered information.  The affidavit shall include the name and address of any store that is no longer in business and the date that the store closed.  Defendants shall also post the notice of pendency and consent forms in the stores by January 12, 2012.  Defendants shall again file an affidavit by someone with personal knowledge and the authority to bind the defendant entities by January 12, 2012 swearing that the notice of pendency and consent forms have been posted in each store still in business, listing each store's name and address and the date the notice was posted.  **Defendants are hereby warned that if they fail to comply with this Order, the Court shall impose sanctions on defendants pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.**  Fed. R. Civ. P. 37(b)(2)(A) ("If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.").

The Court shall hold a status conference on January 13, 2012 at 10:30 a.m. in Courtroom 11A.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 5, 2012
       Brooklyn, New York