UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JULIAN ROSARIO, *on behalf of himself and all others similarly situated*,

        Plaintiff,

  -against-

VALENTINE AVENUE DISCOUNT STORE, CO., INC., EL MUNDO OF 133RD STREET, INC., EL MUNDO OF AMSTERDAM, INC., EL MUNDO OF JAMAICA, INC., EL MUNDO OF KNICKERBOCKER, INC., EL MUNDO OF SOUTHERN BOULEVARD, INC.,  EL MUNDO OF STEINWAY, INC., EL MUNDO OF WILLIS AVENUE, INC., AMERICAN PLACE AT 86TH STREET, INC., AMERICAN PLACE AT FOURTH AVENUE, INC., AMERICAN PLACE AT NOSTRAND, INC., AMERICAN PLACE OF BROADWAY, INC., 13TH AVENUE BERGAMENT HOME CENTER, INC., 146 ST. DISCOUNT CENTER CO., INC., 158 ST. DISCOUNT CENTER CO., INC., AMERICAN DEPARTMENT STORE, INC., BERGAMENT OUTLET CENTER, INC., ELMUNDO HOLDING CO., INC., GRAND CONCOURSE DISCOUNT, INC., GRANT DEPARTMENT STORE CO., INC., WILLIS AVENUE DISCOUNT CENTER CO., INC., DOMINICANO DEPARTMENT STORE, INC., EL MUNDO DEPARTMENT STORE, INC., FIVE STAR DEPARTMENT STORE, INC., HAMILTON VARIETY CO., INC., AMERICAN HOME CTR., KINGSTONE DISTRIBUTORS CO., INC., and RAYMOND SROUR,

        Defendants.
---------------------------------------------------------------X

**ORDER**
**10 CV 5255 (ERK) (LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff moves to compel defendants to produce the social security numbers of all potential opt-in plaintiffs.  (Docket entry 91.)  Defendants oppose plaintiff's motion on the

1

grounds that it is overbroad, infringes on employees' privacy interests, and fails to demonstrate why social security numbers should be released. (Docket entry 92.)

As a preliminary matter, plaintiff's motion to compel is denied insofar as it seeks the social security numbers of employees who only worked for defendants prior to November 2, 2008. Although plaintiff requests the social security numbers of employees who worked for defendants "during the six year period at issue," by Memorandum and Order dated November 2, 2011, the Court conditionally certified this collective action only as to those potential opt-in plaintiffs who worked for defendants in the *three* years preceding the date of the Order. (Docket entry 27.)

Plaintiff's request for the social security numbers of those potential opt-in plaintiffs who worked for defendants since November 2, 2008 is denied without prejudice as plaintiff fails to meet his burden on the instant motion. See Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011) ("While courts often decline to allow discovery of social security numbers due to privacy concerns, it is generally accepted that such discovery is permitted where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice."). By Memorandum and Order dated November 2, 2011, the Court denied plaintiff's previous request for the production of potential opt-in plaintiffs' social security numbers in light of the employees' privacy interests. (Docket entry 27.) However, the Court stated that "[i]f plaintiff is unable to effectuate notice on some potential opt-in plaintiffs with the information that is produced, plaintiff may renew his application for additional information regarding those specific employees." (Id.) In support of the instant motion, plaintiff merely states that "[c]lose to two hundred addresses provided by the Defendants previously are either invalid or incorrect and the only way to locate other potential class members would be through a

2

social security tracing service." (Docket entry 91.) Plaintiff does not cite *any* cases in support of his broad request. Moreover, plaintiff does not list the specific employees at issue or demonstrate that the notices mailed to these individuals at the addresses provided by defendants were returned as undeliverable. Accordingly, plaintiff's motion is denied without prejudice. Plaintiff may renew the motion by March 28, 2012 and shall attach a list of the names and addresses of those potential opt-in plaintiffs whose addresses are "invalid or incorrect" to the renewed motion. Plaintiff shall also attach copies of the envelopes that were returned as undeliverable. Defendants shall respond to plaintiff's renewed motion by April 2, 2012. The Court shall hold a discovery conference on April 5, 2012 at 2:30 p.m. in Courtroom 11A.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: March 21, 2012
       Brooklyn, New York