UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JULIAN ROSARIO, on behalf of himself
and all others similarly situated.

                Plaintiffs,

v.

VALENTINE AVENUE DISCOUNT
STORE, CO. INC., *et. al.*

                Defendants.

10 CIV 525 (ERK) (LB)

DECLARATION OF
ABBY H. NATELSON, ESQ.

I, **ABBY H. NATELSON, ESQ.**, declare under the penalties of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge:

1. I am an attorney at The Law Office of Borrelli & Associates, P.L.L.C., counsel for Plaintiff, Julian Rosario, in the above-captioned action. I make this declaration based on my personal knowledge of the facts set forth herein.

2. The Law Office of Borrelli & Associates, P.L.L.C. is a law firm focusing in enforcing the rights of employees in an effort to preserve a fair, equal and just employment environment. The firm has significant experience representing plaintiffs in all areas of employment law and in all phases of litigation in all forums including New York State and federal courts, arbitration, and before both state and federal administrative agencies. The Firm currently has over one dozen active wage and hour class and collective actions in the Eastern and Southern Districts of New York.

3. I submit this Declaration in Support of Plaintiff's Motion for Class Certification.

4. Plaintiff brings this action on behalf of all employees who were not compensated by Defendants for all hours worked, for overtime pay, or minimum wage as required by State and Federal laws. Plaintiff alleges that all potential class members suffer from Defendants' practice of not paying proper wages for all hours worked.

5. Plaintiff filed this action on behalf of himself and all others similarly situated on November 15, 2010. Defendants filed an answer on January 28, 2011.

6. On November 2, 2011, the Court granted Plaintiff's Motion for Conditional Certification. With this order, Defendants were ordered to post and Plaintiff was ordered to mail the approved notice of pendency to all potential opt-in plaintiffs by December 2, 2011. Attached as Exhibit "A" is a true and accurate copy of the Court's Order granting Plaintiff's Motion for Conditional Certification.

### Payroll Records Produced by Defendants

7. On January 18, 2012, the Court held a hearing to address Defendants' failure to produce payroll records. Attached as Exhibit "B" is a true and accurate transcript of the July 18, 2012 Hearing before the Honorable Lois Bloom, United States Magistrate Judge.

8. At the January 18, 2012 hearing, Judge Bloom ordered Defendants to produce the required records. Attached as Exhibit "C" is a true and accurate copy of the Court's Order on January 19, 2012.

9. After many efforts to obtain employee information, Defendants produced a box of documents with eighty-three files containing a total of 3,798 pages of payroll records on August 31, 2012. Attached as Exhibit "D" is a true and accurate copy of

Defendants' list of payroll files produced. The list of payroll files and the payroll documents in the eighty-three files provided by Defendants were not bate stamped.

10. Attached as Exhibit "E" is a true and accurate spreadsheet listing how many employee payroll records were produced for each Defendant Store.

11. Attached as Exhibit "F" is a true and accurate spreadsheet listing employees' dates and locations of employment based on the payroll records produced by Defendants (Ex. B).

12. Attached as Exhibit "G" are punch cards from each of Defendant Stores, as produced by Defendants.

13. Attached as Exhibit "H" is a true and accurate spreadsheet listing employment information collected on initial intake forms submitted to Plaintiffs' counsel, including the hours worked and wages paid, for 78 of the 111 opt-ins.

### Affidavits

14. Attached as Exhibit "I" is a true and accurate spreadsheet listing the affidavits provided herein that attest to payroll practices at the Defendant Stores.

15. Attached as Exhibit "J" is a true and accurate copy of the Affidavit of **Julian Rosario**, dated November 14, 2012, in which Mr. Rosario attests to facts regarding his employment with Defendants and Defendants' payroll practices. Mr. Rosario is the named Plaintiff in this action.

    a. Attached as Exhibit "J1" is a true and accurate copy of the Affidavit of Julian Rosario, dated June 3, 2011, and previously filed with the Court on June 3, 2011 in support of Plaintiff's Motion for Conditional Certification.

    b. Attached as Exhibit "J2" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Mr. Rosario.

16. Attached as Exhibit "K" is a true and accurate copy of the Affidavit of **Maria Gomez**, dated October 23, 2012, in which Ms. Gomez attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Gomez has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "K1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Gomez.

17. Attached as Exhibit "L" is a true and accurate copy of the Affidavit of **Felicita Martinez**, dated October 10, 2012, in which Ms. Martinez attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Martinez has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "L1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Martinez.

18. Attached as Exhibit "M" is a true and accurate copy of the Affidavit of **Ysabel Garcia**, dated October 22, 2012, in which Ms. Garcia attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Garcia has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "M1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Garcia.

19. Attached as Exhibit "N" is a true and accurate copy of the Affidavit of **Evelyn Peña**, dated October 2, 2012, in which Ms. Peña attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Peña has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Peña.

    b. Attached as Exhibit "2" is a true and accurate copy of the employment records produced by Defendants for Ms. Peña.

20. Attached as Exhibit "O" is a true and accurate copy of the Affidavit of **Josephina Villegas**, dated October 24, 2012, in which Ms. Villegas attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Villegas has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "O1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Villegas.

21. Attached as Exhibit "P" is a true and accurate copy of the Affidavit of **Reyna Castillo**, dated October 25, 2012, in which Ms. Castillo attests to facts regarding her employment with Defendants and Defendants' payroll practices.

    a. Attached as Exhibit "P1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Castillo.

    b. Attached as Exhibit "P2" is a true and accurate copy of Ms. Castillo's 2011 time cards produced by Defendants.

22. Attached as Exhibit "Q" is a true and accurate copy of the Affidavit of **Mercedes Mena**, dated October 23, 2012, in which Ms. Mena attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Mena has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "Q1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Ms. Mena.

23. Attached as Exhibit "R" is a true and accurate copy of the Affidavit of **Luis De La Cruz**, dated October 24, 2012, in which Mr. De La Cruz attests to facts regarding her employment with Defendants and Defendants' payroll practices. Mr. De La Cruz has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "R1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Mr. De La Cruz.

24. Attached as Exhibit "S" is a true and accurate copy of the Affidavit of **David Villacis**, dated October 4, 2012, in which Mr. Villacis attests to facts regarding her

employment with Defendants and Defendants' payroll practices. Mr. Villacis has filed an opt-in form with respect to this action.

   a. Attached as Exhibit "S1" is a true and accurate spreadsheet detailing the information provided in the employment records produced by Defendants for Mr. Villacis.

25. Attached as Exhibit "T" is a true and accurate copy of the Affidavit of **Berkys Calderon**, dated October 23, 2012, in which Ms. Calderon attests to facts regarding his employment with Defendants and Defendants' payroll practices. Ms. Calderon has filed an opt-in form with respect to this action.

   a. Attached as Exhibit "T1" is a true and accurate copy of the employment records produced by Defendants for Ms. Calderon.

26. Attached as Exhibit "U" is a true and accurate copy of the Affidavit of **Julia Pacheco**, dated October 11, 2012, in which Ms. Pacheco attests to facts regarding her employment with Defendants and Defendants' payroll practices. Ms. Pacheco has filed an opt-in form with respect to this action.

   a. Attached as Exhibit "U1" is a true and accurate copy of the employment records produced by Defendants for Ms. Pacheco.

27. Attached as Exhibit "V" is a true and accurate copy of the Affidavit of **Jesus Guzman**, dated October 23, 2012, in which Mr. Guzman attests to facts regarding his employment with Defendants and Defendants' payroll practices. Mr. Guzman has filed an opt-in form with respect to this action.

    a. Attached as Exhibit "V1" is a true and accurate copy of the employment records produced by Defendants for Mr. Guzman.

28. Attached as Exhibit "W" is a true and accurate copy of the Affidavit of **Mercedes Ramerez**, dated August 1, 2012, in which Ms. Ramerez attests to the fact that she was fired because she opted into this lawsuit. Ms. Ramerez has filed an opt-in form with respect to this action.

## Discovery

29. On September 26, 2011, Plaintiffs' First Combined Discovery Demands were served on Defendants. Attached as Exhibit "X" is a true and accurate copy of Plaintiffs' First Combined Discovery Demands. Defendants never responded to these Discovery Demands.

30. In the Court's November 2, 2011 Order granting Plaintiffs' Motion for Conditional Certification, the Court required Defendants to produce the names, last known addresses, telephone numbers, and dates of employment of potential opt-ins to Plaintiffs' counsel by November 18, 2011. See Ex. A.

31. On November 21, 2011, the Court granted an extension of time to produce the information regarding potential opt-in plaintiffs. Pursuant to this Order, Defendants were required to produce the names, last known addresses, telephone numbers, and dates of employment of potential opt-in plaintiffs to Plaintiffs' counsel by November 30, 2011. Further, Defendants were ordered to post and plaintiff was ordered to mail the approved notice of pendency to all potential opt-in plaintiffs by December 14, 2011.

32. Because Defendants failed to provide any of the relevant information of potential opt-ins to Plaintiffs' counsel by November 30, 2011 "in willful defiance" of the Court's Order, Plaintiffs submitted a Letter Motion to Compel Discovery on December 16, 2011. Attached as Exhibit "Y" is a true and accurate copy of Plaintiffs' Letter Motion to Compel Discovery.

33. The Court granted Plaintiffs' Motion to Compel on January 5, 2012. Attached as Exhibit "Z" is a true and accurate copy of the Court's Order granting Plaintiffs' Letter Motion to Compel Discovery and ordering production of information by January 12, 2012.

34. On January 13, 2012, Judge Bloom held a Status Conference. At the status conference, Defendants' counsel proffered an unsworn declaration from Defendant Raymond Srour and a typewritten list of names and addresses of employees from eleven stores, a copy of which is attached hereto as Exhibit "AA."

35. The Court found Defendants' production to be insufficient, and gave Defendants one last chance to comply with the Court's Order before imposing sanctions. Further, the Court scheduled a hearing for Defendant Srour to appear and produce all business records regarding the employees of Defendant stores and the closure of any stores. Attached as Exhibit "BB" is a true and accurate copy of the Court's Order on January 13, 2012.

36. On January 18, 2012, the Court held a hearing to address Defendants' failure to comply with the Court's Order to produce the names, last known addresses, telephone

numbers, and dates of employment for potential opt-in plaintiffs and to post the notice of pendency and consent forms in each of the stores that remain open. See Ex. B.

37. As previously discussed herein, Judge Bloom ordered Defendants to produce the required records at the January 18, 2012 hearing by January 25, 2012. See Ex. C.

38. On January 26, 2012, Defendant Srour filed a letter with the Court indicating that the names, addresses, last four (4) digits of social security numbers, withholding, salary rates and pay frequency for all potential Class Members from 2008 through 2011 for every store was provided to Plaintiffs. Attached as Exhibit "CC" is a true and accurate copy of Defendants' January 26, 2012 Letter.

39. On the same day, Plaintiffs responded to Defendants' January 26, 2012 letter by listing the deficiencies in the information provided by Defendants. Attached as Exhibit "DD" is a true and accurate copy of Plaintiffs' January 26, 2012 Letter.

40. In January and February 2012, Plaintiffs sent opt-in forms to approximately less than 50 individuals based on the information provided by Defendants.

41. Because there were so few individuals identified by Defendants, Plaintiffs served a subpoena on Mr. Harry Koslow, Accountant for Defendants, on March 3, 2012, and a subpoena on Paychex, Defendants' payroll provider, on March 9, 2012. Paychex complied with its subpoena and produced information that was used to identify approximately 600 individuals.

42. Based on the information provided by Paychex, Plaintiffs mailed approximately 600 opt-in forms to individuals between March 2012 and May 2012.

43. To date, 111 opt-in forms have been filed in this matter (six of which appear to be duplicates).

44. On June 28, 2012, the Court ordered Defendants to provide Plaintiffs with all payroll and time records for the opt-in plaintiffs by July 27, 2012.

45. On August 31, 2012, Defendants produced a box of payroll records. See Ex. D.

46. After careful review and analysis, we have determined that the payroll records produced are inaccurate and do not reflect the actual hours worked by employees.

47. Because Defendants' employees should be given the chance to recover the wages that they are legally entitled to, Plaintiffs seek an order from the Court Certifying this suit as a class action.

Dated: Great Neck, New York
November 14, 2012

        Respectfully submitted,

        The Law Office of
        BORRELLI & ASSOCIATES, P.L.L.C.
        *Attorneys for Plaintiff*
        1010 Northern Boulevard, Suite 328
        Great Neck, NY 11021
        Tel. (516) 248 - 5550
        Fax. (516) 248 - 6027

        _____
        ABBY H. NATELSON, ESQ. (AN4126)