**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JULIAN ROSARIO, on behalf of himself**
**and all others similarly situated.**

                            **Plaintiffs,**

        **v.**

**VALENTINE AVENUE DISCOUNT**
**STORE, CO. INC.,** *et. al.*

                         **Defendants.**

**10-CV-05255 (ERK) (LB)**

## <u>ORDER PRELIMINARILY APPROVING SETTLEMENT</u>

WHEREAS, Plaintiff and Defendants have entered into a Settlement Agreement, Release, and Waiver ("Settlement Agreement" or "Settlement") intended to resolve, on a global basis, the litigation in this Court against Defendants arising out of alleged wage and hour violations affecting certain discount retail store employees; and

WHEREAS, the Settlement Agreement dated February 27, 2015, together with its addendum dated May 12, 2015, and supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants; and

WHEREAS, the Court has before it the parties' "Joint Motion for Preliminary Approval of Settlement of Collective and Class Action" and papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both the Plaintiff and the Defendants.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.       Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.       The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below.  The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed Settlement should be given as provided in this Order.

3.       The Court conditionally certifies for settlement purposes only the following two classes, which are referred to collectively herein as the "Settlement Classes":

>        (a)       An FLSA Settlement Class consisting of all individuals who have filed consents to join the Action and who worked for Defendants as discount retail store employees within three (3) years prior to the date that each individual filed his or her Consent Form with the Court.

>        (b)       A NYLL Settlement Class consisting of all individuals employed as discount retail store employees for Defendants during any time from November 15, 2004, through October 8, 2015, which is the date of the Final Approval Hearing.

4.       The Court further conditionally finds that named Plaintiff Julian Rosario is an adequate class representative for the Settlement Classes.

5.       Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney.  Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice to Settlement Classes and Appointment of Settlement Administrator*

6.       The Court approves the form of Notice and Claim Form and Release ("Claim Forms"), attached as Tabs A and B to this Order Preliminarily Approving Settlement and provided to the Court as a supplement to the Settlement Agreement on May 12, 2015.  The parties shall have certified Spanish

and Arabic translations made of both documents.

7.       The manner and forms of Notice and Claim Forms set forth in Section 9 of the Settlement Agreement, as provided in the "Stipulation and Addendum to Settlement Agreement," dated May 12, 2015, are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the notice is disseminated according to the terms of Section 9.   Settlement Class Members may request exclusion from the Settlement or object to the Settlement no later than September 8, 2015, which is thirty (30) days prior to the Final Approval Hearing, which is scheduled for October 8. 2015. Claim Forms filed by Settlement Class Members must be postmarked by **October 1, 2015**, which is seven days (7) prior to the date of the Final Approval Hearing.   Prior to the Final Approval Hearing, Plaintiffs' counsel and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

8.       The Notices to be provided, as set forth in the Settlement Agreement, are hereby found to be the best practicable means of providing notice under the circumstances.   When completed, these Notices shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED. R. CIV. PRO. 23, due process, the Constitution of the United States, the laws of New York, and all other applicable laws.   The Notices are accurate, objective, informative, and provide members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9.       The parties and their respective counsel are authorized to retain The Garden City Group, Inc. to serve as the Settlement Administrator in accordance with the terms of the Settlement

Agreement and this Order.

*Requests for Exclusion from the Settlement Class*

10.     Any members of the Settlement Classes who wish to be excluded ("opt-out") must send a written request for exclusion to the Settlement Administrator, so that it is received by the Settlement Administrator at the address indicated in the Notice on or before September 8, 2015, which is thirty (30) days prior to the Final Approval Hearing.  In order to be effective, this Request for Exclusion must include the Class Member's name and address, and should state: (1) that the Class Member is requesting to be excluded from the Parties' settlement in the case entitled, *Julian Rosario, Individually and on Behalf of All Other Persons Similarly Situated v. Valentine Avenue Discount Store, et al.,* Action No. 1:10-cv-05255; and (2) that the Class Member understands that by being excluded from the Settlement, he/she will receive no funds in conjunction with the case.  If, however, a Class Member submits a timely Claim Form after submitting a Request for Exclusion, his or her opt-out request will be void.

11.     Members of the Settlement Classes may not exclude themselves by filing requests for exclusion as a group or class, but must each individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator.

12.     Any member of the Settlement Classes who does not properly and timely request exclusion shall be bound by all of the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the settlement fund pursuant to the Settlement Agreement.  All members of the Settlement Classes who do not personally and timely request to be excluded are enjoined from proceeding against the Defendants for the claims made in the Amended Complaint.

*Objections to the Settlement*

13.     Any person who does not elect to be excluded from the Settlement may, but need not, submit written comments or objections to the Settlement, including terms such as the proposed application for Class Counsel's fees and Plaintiff Rosario's service payment.

14.     Any individual making an objection (an "Objector") must sign the objection personally.  To object, a Class Member must file with the Court and serve on counsel of record for all Parties a written statement describing his/her reasons for objecting to the Settlement by September 8, 2015, which is thirty (30) days prior to the Final Approval Hearing.  No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement or any of its terms, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are postmarked by September 8, 2015, as set forth herein and detailed in the Notice attached to this Order.

15.     In addition to the reasons for objection to the Settlement, an objection must state the Objector's full name and address and be signed by the Objector.  It must also state the dates and position of the Objector's employment with Defendants, and the location or locations of Defendants at which the Objector was employed.

16.     If an Objector intends to appear personally at the Final Approval Hearing, the Objector must include an explicit notice of the Objector's intent to appear at the hearing with the objection.  If counsel is appearing on behalf of more than one Settlement Class Member who qualifies as an Objector as defined herein, counsel must identify each such Settlement Class Member, and each Settlement Class Member must have complied with the requirements of this

Order.

### *Final Approval Hearing*

17.     A hearing on the Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on October 8, 2015, at 10:00 a.m., in Courtroom 11 A S, of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the above-captioned action with respect to the Defendants herein, and the entry of final judgment.

18.     Class Counsel's application for an award of attorneys' fees and the Class Representative Julian Rosario's application for a service payment shall be heard at the time of the Final Approval Hearing.  Any application for an award of attorneys' fees and costs and any application for a service payment shall be filed with the Court no later than September 28, 2015, which is ten (10) days prior to the Final Approval Hearing.

19.     The date and time of the Final Approval Hearing as specified in Section 17 above shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted by the Court on ECF.

20.     Only Settlement Class Members who have filed and served timely notices of objection in accordance with the terms of this Order shall be entitled to be heard at the Final Approval Hearing.  Any Class Member who does not timely file and serve an objection in writing to the Settlement, or to Class Counsel's application for fees or to Plaintiff Rosario's service award, in accordance with the procedure set forth in the Notice, and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or

6

otherwise.

*Other Provisions*

21.     Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22.     All reasonable costs incurred in notifying members of the Settlement Classes and administering the Settlement Agreement shall be paid separately by Defendants as set forth in the Settlement Agreement and shall not in any way reduce the fund available to Class Members.

23.     Certification of the Settlement Classes is a conditional certification for settlement purposes only.  If the Settlement Agreement is terminated, or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and the Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to oppose any and all class or collective action certification motions in this Action, or in any other wage and hour class or collective action, or any other class action under Fed. R. Civ. Pro. 23, or any other applicable rule, statute, law or provision, on any grounds, including but not limited to, contesting the adequacy of any plaintiff as representative of any putative class, and to contest the adequacy of Plaintiff's counsel as adequate Class Counsel.  Additionally, Plaintiff reserves all of his rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

25.     For all the reasons stated in the parties' Joint Motion for Preliminary Approval of Settlement of Collective and Class Action, immediately following the entry of this Order, all members of the Settlement Classes shall be enjoined pursuant to 28 U.S.C. §1651(a) from initiating or proceeding with any and all suits, actions, causes of actions, claims, or demands in

federal or state court based on putative violations of the FLSA or NYLL or any other state or local law (including statutory, regulatory, and common law) pertaining to hours of work or payment of wages, including, without limitation, all claims that were or could have been asserted in the above-captioned case by or on behalf of discount retail store employees who worked for the Defendants within the applicable proposed Class Periods.  This injunction shall remain in effect through the dismissal of this case, as defined herein.

**SO ORDERED**, this _____ day of _____.

_____
The Honorable Lois Bloom, U.S.M.J.

# Tab A

# COURT AUTHORIZED NOTICE

***This notice is authorized by a federal court and is not a solicitation from a lawyer.***

## IF YOU WERE EMPLOYED AT OR BY:

1. Valentine Avenue Discount Store Co. Inc.;
2. El Mundo of 133rd Street, Inc.;
3. El Mundo of Amsterdam, Inc.;
4. El Mundo of Jamaica, Inc.;
5. El Mundo of Knickerbocker, Inc.;
6. El Mundo of Southern Boulevard, Inc.;
7. El Mundo of Willis Avenue, Inc.;
8. El Mundo of Steinway, Inc.;
9. American Place At 86th Street, Inc.;
10. American Place at Fourth Avenue, Inc.;
11. American Place at Nostrand, Inc.;
12. American Place of Broadway, Inc.;
13. 13th Avenue Bergament Home Center, Inc.;
14. 146 St Discount Center Co., Inc.;
15. 158 St Discount Center Co., Inc.;
16. American Department Store, Inc.;
17. Bergament Outlet Center, Inc.;
18. Elmundo Holding Co., Inc.;
19. Grand Concourse Discount, Inc.;
20. Grant Department Store Co., Inc.;
21. Willis Avenue Discount Center Co., Inc.;
22. Dominicano Department Store, Inc.;
23. El Mundon Department Store, Inc.;
24. Five Star Department Store, Inc.;
25. Hamilthon Variety Co., Inc.;
26. American Home Ctr; or
27. Kingstone Distributors Co., Inc.

(All 27 of these businesses are referred to together in the rest of this document as the "Discount Retail Store Defendants.")

## YOU MAY BE ENTITLED TO RECEIVE A PAYMENT OF $_____ FROM A CLASS ACTION SETTLEMENT.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

- Certain current and former employees of the Discount Retail Store Defendants sued the stores and their owner, Raymond Srour, (all together, "the Defendants"), claiming that they violated the Fair Labor Standards Act and the New York Labor Law by failing to pay employees at or above minimum wage and failing to pay a proper overtime rate for all hours worked beyond forty each week.

- The employees and the Defendants have settled and the Defendants have agreed to pay up to $4,000,000 to current and former employees who choose to participate in the settlement.

- Based on the formula created in the settlement, you are entitled to receive approximately $_____. This is based largely on the number of total weeks that you worked for Defendants.

- Your legal rights may be affected by this settlement. You have five options to choose from. These rights, and the consequences of each choice, are described in greater detail on page 3 and throughout the rest of this Notice.

    1) Participate by submitting the claim form provided;
    2) Do Nothing;
    3) Exclude yourself;
    4) Object;
    5) Go to a hearing.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

2

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE BY SUBMITTING THE CLAIM FORM PROVIDED** | If you wish to remain a part of the class and receive the payment amount estimated above, you must submit the attached Claim Form and Release by October 1, 2015 to The Garden City Group, Inc.   [Further instructions are included on that form.]   By submitting the Claim Form, you will give up any rights to separately sue the Defendants for the same legal claims that are asserted in this lawsuit. |
| **DO NOTHING** | If you do nothing, you will remain a part of the class and you will give up any rights to separately sue the Defendants for the legal claims that are asserted in this lawsuit.   However, you will not receive any money from the settlement. |
| **EXCLUDE YOURSELF** | By excluding yourself, you give up any right to receive a payment from this settlement.   You will, however, keep any rights to sue the Defendants for the same legal claims that are asserted in this lawsuit. |
| **OBJECT** | Write to the Court and explain why you do not agree with the settlement; however, you must still submit a Claim Form and Release to receive a payment under the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

# BASIC INFORMATION

## 1. What is the purpose of this Notice?

The Court has ordered that this Notice be sent to you because you worked at Valentine Avenue Discount Store Co. Inc., El Mundo of 133rd Street, Inc., El Mundo of Amsterdam, Inc., El Mundo of Jamaica, Inc., El Mundo of Knickerbocker, Inc., El Mundo of Southern Boulevard, Inc., El Mundo of Willis Avenue, Inc., El Mundo of Steinway, Inc., American Place At 86th Street, Inc., American Place at Fourth Avenue, Inc., American Place at Nostrand, Inc., American Place of Broadway, Inc., 13th Avenue Bergament Home Center, Inc., 146 St Discount Center Co., Inc., 158 St Discount Center Co., Inc., American Department Store, Inc., Bergament Outlet Center, Inc., Elmundo Holding Co., Inc., Grand Concourse Discount, Inc., Grant Department Store Co., Inc., Willis Avenue Discount Center Co., Inc., Dominicano Department Store, Inc., El Mundon Department Store, Inc., Five Star Department Store, Inc., Hamilthon Variety Co. Inc., American Home Ctr, and/or Kingstone Distributors Co., Inc. as a non-managerial employee between November 15, 2004 and the present. The purpose of this Notice is to inform you of your rights and options and the **time frame by which you must exercise your rights** under the Settlement Agreement resolving the lawsuit.

The Court still has to decide whether or not to approve the settlement. Payments will be made if the Court approves the settlement.

## 2. What is this lawsuit about?

The Plaintiff, the employee who brought this lawsuit, raised claims under the Fair Labor Standards Act and the New York Labor Law on his own behalf and on behalf of all other similarly situated employees, alleging that the Defendants: (1) failed to pay employees at the statutory minimum wage rate; (2) failed to compensate employees at a rate of one and one-half their hourly wage (or the statutory minimum wage) for all hours worked over forty each week; and, (3) failed to pay employees the required spread of hours pay for work days lasting ten or more hours.

The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, and the Honorable Lois Bloom, United States Magistrate Judge for the Eastern District of New York, are overseeing this class action in Brooklyn Federal Court. The lawsuit is known as *Julian Rosario v. Valentine Avenue Discount Store, Co. Inc., et al.*, 10-CV-05255.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

### 3. Why is this a class action?

In a class action, one or more individuals called "Class Representatives" sue on behalf of others who have the same or similar claims.  Here, the Plaintiff, Julian Rosario, is the Class Representative.  People with the same or similar claims, like you, are called "Class Members." In class actions, one court resolves the issues for all Class Members, except for those who decide to exclude themselves from the Class, as explained in section 10 of this Notice.

### 4. Why is there a settlement?

Although both the Plaintiff and the Defendants believe that they would have prevailed at trial, this case did not go to trial.  The Court did not decide in favor of either side.  Instead, the parties have agreed to a settlement.  This avoids the costs of a trial and the risk that the Defendants would not have been able to pay a judgment if the Plaintiff had won.  Instead, a settlement ensures that the people affected, the Plaintiff and the Class Members, will be compensated for their claims.  The Plaintiff and his attorneys think a settlement is the best decision for everyone involved.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5. What does the settlement provide?

The Defendants have agreed to pay up to $4,000,000.  The Plaintiff and the Class Members will each receive a specific amount of money based on: (1) the total amount of weeks that each person worked for one or more of the Defendants; (2) whether each person previously submitted a Consent to Join form in response to the court-authorized notices mailed in February 2012 or prior to receipt of that notice;  (3) whether each person previously filed an opt-out form upon receipt of the letter mailed to them between February and April 2014 advising of the Class Action and their associated rights under the New York Labor Law; and, (4) whether each person began employment after September 1, 2013.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

The settlement also asks the Court to approve a service payment of $10,000 to Julian Rosario, the Plaintiff who brought the lawsuit. This service payment is in recognition of the many hours of service the Plaintiff gave to the Class by, among other things, supplying documents and information, sitting for a deposition, and helping the attorneys investigate and prosecute the claims on behalf of the class.

Additionally, the settlement asks the Court to approve attorneys' fees for Class Counsel, Borrelli & Associates, P.L.L.C., in the amount of $1,000,000. This money, representing 25% of the total settlement amount, is meant to compensate Class Counsel for their fees associated with investigating the case, litigating the case, and negotiating the settlement.

## 6. How much will my payment be?

Based on the formula in the settlement agreement, you will be entitled to receive approximately $_____. Your settlement award will be divided into two portions for tax purposes: (1) a wage portion representing back pay; and (2) a non-wage portion representing liquidated damages and interest. Please return the enclosed W-9 Form if you would like to receive the non-wage portion of your settlement amount without tax withholding. If you do not return the W-9, you will still receive the full award, but taxes will be withheld from the full award.

# HOW TO GET YOUR PAYMENT

## 7. How can I get my payment?

If you received this notice, do not exclude yourself (as explained in section 10), and send in your Claim Form and Release, you will receive a payment. Your Claim Form and Release must be postmarked by **October 1, 2015**, which is seven (7) days prior to the Final Approval Hearing on October 8, 2015. You will have ninety (90) days from the date the check is issued to cash or deposit it. If your address changes between the time you submit your Claim Form and the time you receive your settlement check, please contact the Claims Administrator at the address below:

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

6

## 8.  When will I get my settlement payment?

The Court will hold a fairness hearing on **October 8, 2015,** at **10:00 a.m.,** to decide whether to approve the settlement.  If you have sent in your Claim Form and Release and the Court approves the settlement, your payment will be mailed to you.  Because the settlement allows Defendants to pay the full $4,000,000 in three installments over the course of fourteen months after preliminary Court approval, payments will be made on a rolling basis.  This means that payments will be made in the order that Claim Forms are received.  You must cash or deposit this check within ninety (90) days after it is issued or else the check will be void but your Release of Claims will remain valid.  Absent a showing of good cause why you did not cash or deposit the check, the check will not be reissued.

## 9.  What am I giving up by submitting the Claim Form and staying in the class?

If you submit the Claim Form and Release you will remain a Class Member.  This means that you cannot sue, continue to sue, or be a party in any other lawsuit against the Defendants for any Fair Labor Standards Act or New York Labor Law wage and hour claim through the effective date of the settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to sue or continue to sue the Defendants for wage and hour violations on your own, then you must exclude yourself from the settlement.  The process of excluding yourself is referred to as "opting out."

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

7

## 10. How and why would I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a letter by First Class U.S. mail stating: "I elect to exclude myself from the settlement in *Julian Rosario v. Valentine Avenue Discount Store, Co. Inc., et al.*, 10-CV-05255." Be sure to include your name, address, telephone number, and to sign the letter. You also must include a statement that you understand that by excluding yourself from the settlement, you will not receive any funds in conjunction with the case. Your exclusion request must be post-marked no later than **September 8, 2015** and must be mailed to:

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

If you ask to be excluded from the settlement, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) the Defendants in the future. Please note that if you send in a request to be excluded and then later send in a timely Claim Form and Release, your exclusion (opt-out request) will be void.

## 11. What happens if I do nothing?

"Opting out" of the settlement is different from simply not sending back the Claim Form and Release. If you do nothing, your claims will not be preserved and you will be legally bound by the outcome of this lawsuit, but you will not be entitled to collect money under the settlement. In other words, if you do not send back the Claims Form or a letter excluding yourself, you cannot collect for these claims now or later.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

8

# OBJECTING TO THE SETTLMENT

You can tell the Court that you do not agree with the settlement in whole or in part.

### 12. How do I tell the Court that I object to the settlement?

You can object to the settlement agreement if you are unhappy or disagree with any part of it. You may object to any part of the settlement, including, but not limited to, the settlement amount, the attorneys' fees amount, or the service payment to the lead Plaintiff. To object, you must send a letter via U.S. Mail stating that you object to the settlement agreement in *Julian Rosario v. Valentine Avenue Discount Store, Co. Inc., et al.*, 10-CV-05255, and stating the reasons for your objection. Make sure to include your name, address, telephone number and signature. Please also state the dates of your employment with Defendants, the locations you worked and your job title. Any objections must be postmarked by **September 8, 2015** and be mailed to:

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

If you object, you must still submit a Claim Form and Release to collect any portion of settlement as the Court may still approve the settlement over your objection.

### 13. What is the different between objecting to the settlement and excluding myself from the settlement?

Objecting is simply telling the Court that you do not like something about the settlement. You can only object if you do not exclude yourself from the class. Excluding yourself is an indication that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

9

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes.  The Court has decided that the lawyers at the firm of Borrelli & Associates, P.L.L.C. are qualified to represent you and all of the other Class Members.  These lawyers have been designated as "Class Counsel" in this lawsuit.  More information about the firm, their practice and their experience is available at: www.employmentlawyernewyork.com or, for Spanish speakers, at www.516abogado.com.

## 15. How will the lawyers be paid?

As part of the settlement agreement, the lawyers have proposed that 25% of the $4,000,000 settlement, or $1,000,000, will be paid to Class Counsel for their services in investigating the case, litigating the case, and negotiating the settlement.  The percentage of the settlement that will be paid to Class Counsel will have to be approved by the Court before it can be distributed.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether or not to approve the settlement.  You may attend and you may ask to speak but you are not required to do either.

## 16. When and where will the Court decide whether to approve the settlement agreement?

The Court will hold a fairness hearing at **10:00 a.m.** on **October 8, 2015,** at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, before U.S. Magistrate Judge Lois Bloom in Courtroom 11A S.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are any objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long the Court's decision will take.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

10

## 17.  Do I have to come to the fairness hearing?

No, even if you filed an objection, Class Counsel will represent you at the hearing.  Of course, you are welcome to attend at your own expense if you so desire.  The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing.  You may also hire your own attorney, at your own expense, to attend the fairness hearing, but it is not necessary to do so.

## 18.  May I speak at the fairness hearing?

You may ask for the Court's permission to speak at the fairness hearing.  To do so, you must send a letter stating "Notice of Intention to Appear in *Julian Rosario v. Valentine Avenue Discount Store, Co. Inc., et al.*, 10-CV-05255."  Be sure to include your name, address, telephone number and to sign your name.  Your notice of intention to appear must be postmarked no later than **September 8, 2015,** and mailed to:

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

Please be advised that you cannot speak at the hearing if you exclude yourself from the settlement or do not send in a timely notice of your intent to speak.  Although it is not necessary, you are allowed to have your own attorney present to represent your interests at the hearing.

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

# GETTING MORE INFORMATION

**19.  Are there more details about the settlement?**

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Class Counsel at:

Michael J. Borrelli, Esq.
Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, New York 11021
(516)248-5550
MJB@employmentlawyernewyork.com

You can also obtain more information or a copy of the settlement agreement by contacting the Claims Administrator:

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

If you call or write you should refer to the Julian Rosario settlement agreement.


Dated: May ____, 2015

**QUESTIONS?**
Contact Michael J. Borrelli at Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, NY 11021
MJB@employmentlawyernewyork.com
(516)248-5550

# Tab B

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

## CLAIM FORM AND RELEASE
## INSTRUCTIONS

In order to receive any portion of the settlement funds described in the Notice of the Proposed Settlement of the Class and Collective Action ("Notice") in the case entitled *Julian Rosario v. Valentine Avenue Discount Store, Co. Inc., et al.*, 10-CV-05255, you must sign, date, and return this Claim Form and Release to The Garden City Group.  It must be postmarked by **October 1, 2015**.

## CHANGES OF ADDRESS:

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator.   Please make sure to notify The Garden City Group of any change of address.

The Garden City Group, Inc.
1985 Marcus Ave.
North New Hyde Park, New York 11042
(800)327-3664

_____ [Date]

## CLAIM FORM AND RELEASE

## *THIS FORM MUST BE POST-MARKED NO LATER THAN*
## *OCTOBER 1, 2015.*

I affirm that I was employed by Valentine Avenue Discount Store Co. Inc., El Mundo of 133rd Street, Inc., El Mundo of Amsterdam, Inc., El Mundo of Jamaica, Inc., El Mundo of Knickerbocker, Inc., El Mundo of Southern Boulevard, Inc., El Mundo of Willis Avenue, Inc., El Mundo of Steinway, Inc., American Place At 86th Street, Inc., American Place at Fourth Avenue, Inc., American Place at Nostrand, Inc., American Place of Broadway, Inc., 13th Avenue Bergament Home Center, Inc., 146 St Discount Center Co., Inc., 158 St Discount Center Co., Inc., American Department Store, Inc., Bergament Outlet Center, Inc., Elmundo Holding Co.,

1

Inc., Grand Concourse Discount, Inc., Grant Department Store Co., Inc., Willis Avenue Discount Center Co., Inc., Dominicano Department Store, Inc., El Mundon Department Store, Inc., Five Star Department Store, Inc., Hamilthon Variety Co. Inc., American Home Ctr, and/or Kingstone Distributors Co., Inc. (collectively as the "Discount Retail Store Defendants") and hereby assert a claim under the Fair Labor Standards Act and the New York Labor Law.

I hereby designate the firm of Borrelli & Associates, P.L.L.C. to represent me in this action.

My signature below constitutes a full and complete release and discharge of the Discount Retail Store Defendants, and Raymond Srour, (together as "Defendants") and all past, present and future officers, directors, shareholders, subsidiaries, affiliates, parent corporations, reinsurers, principals, agents, employees, attorneys, accountants, or other representatives of the Defendants from any and all wage and hour claims, demands, rights, liabilities, expenses and losses of any kind that I have, had, or might have had against Defendants based on any act of omission up to and including the date of this Release that could have been asserted in this action, including any claims alleged in this Litigation, even if presently unknown and/or unasserted, including but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, the wage and hour laws and regulations of the State of New York, including the New York Labor Law Article 6 and 19, the New York Minimum Wage Act, §§ 650 *et. seq.*, and the New York Code of Rules and Regulations (N.Y.C.R.R.), specifically 12 N.Y.C.R.R. §§ 142-1.1, *et. seq.*, 12 N.Y.C.R.R. §§ 142-2.1, *et. seq.*, 12 N.Y.C.R.R. § 142-2.4, 12 N.Y.C.R.R. § 142-3.4, all derivative claims (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or minimum wage, both ERISA and non-ERISA benefits), interest on such claims and attorneys' fees, expenses and costs related to such claims in exchange for my proportionate share of the Settlement Fund.

By signing this Consent Form and Release, I hereby consent to become a party in this action and authorize Borrelli and Associates, P.L.L.C. to file this Form with the Court.

I declare under penalty of perjury that the above information is correct.



| TO BE FILLED OUT BY CLAIMS ADMIN. | EMPLOYEE--FILL IN YOUR PHONE NUMBER AND NOTE ANY CHANGES OR CORRECTIONS TO YOUR NAME, ADDRESS OR SOCIAL SECURITY NUMBER: |
|---|---|
| NAME: | |
| ADDRESS: | |
| CITY, STATE, ZIP: | |
| SOCIAL SECURITY No.: | |
| | ( ) |
| | AREA CODE     TELEPHONE NUMBER |

| | |
|---|---|
| DATE | SIGNATURE |