UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JULIAN ROSARIO, on behalf of himself and all others similarly situated.** | |
| Plaintiffs, | 10-CV-05255 (ERK) (LB) |
| v. | |
| **VALENTINE AVENUE DISCOUNT STORE, CO. INC.,** *et. al.* | |
| Defendants. | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, Plaintiff and Defendants have entered into a Settlement Agreement, Release, and Waiver ("Settlement Agreement" or "Settlement") intended to resolve, on a global basis, the litigation in this Court against Defendants arising out of alleged wage and hour violations affecting certain discount retail store employees; and

WHEREAS, the Settlement Agreement dated February 27, 2015, together with its addendum dated May 12, 2015, and supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants; and

WHEREAS, the Court has before it the parties' "Joint Motion for Preliminary Approval of Settlement of Collective and Class Action" and papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both the Plaintiff and the Defendants.

1

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed Settlement should be given as provided in this Order.

3. The Court conditionally certifies for settlement purposes only the following two classes, which are referred to collectively herein as the "Settlement Classes":

> (a) An <u>FLSA Settlement Class</u> consisting of all individuals who have filed consents to join the Action and who worked for Defendants as discount retail store employees within three (3) years prior to the date that each individual filed his or her Consent Form with the Court.
>
> (b) A <u>NYLL Settlement Class</u> consisting of all individuals employed as discount retail store employees for Defendants during any time from November 15, 2004, through October 8, 2015, which is the date of the Final Approval Hearing.

4. The Court further conditionally finds that named Plaintiff Julian Rosario is an adequate class representative for the Settlement Classes.

5. Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice to Settlement Classes and Appointment of Settlement Administrator*

6. The Court approves the form of Notice and Claim Form and Release ("Claim Forms"), provided to the Court as a supplement to the Settlement Agreement on May 21, 2015. (ECF No. 258.) The parties shall have certified Spanish and Arabic translations made of the Claim Forms and shall send

the Claim Forms to each individual potential Class Member in English, Spanish and Arabic.

7. The manner and forms of Notice and Claim Forms set forth in Section 9 of the Settlement Agreement, as provided in the "Stipulation and Addendum to Settlement Agreement," dated May 12, 2015, are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the notice is disseminated according to the terms of Section 9. Settlement Class Members may request exclusion from the Settlement or object to the Settlement no later than September 8, 2015, which is thirty (30) days prior to the Final Approval Hearing, which is scheduled for October 8. 2015. Claim Forms filed by Settlement Class Members must be postmarked by **October 1, 2015**, which is seven days (7) prior to the date of the Final Approval Hearing.

8. The Notices to be provided, as set forth in the Settlement Agreement, are hereby found to be the best practicable means of providing notice under the circumstances. When completed, these Notices shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED. R. CIV. PRO. 23, due process, the Constitution of the United States, the laws of New York, and all other applicable laws. The Notices are accurate, objective, informative, and provide members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The parties and their respective counsel are authorized to retain The Garden City Group, Inc. to serve as the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

### *Requests for Exclusion from the Settlement Class*

10. Any members of the Settlement Classes who wish to be excluded ("opt-out") must send a written request for exclusion to the Settlement Administrator, so that it is received by the Settlement Administrator at the address indicated in the Notice on or before September 8, 2015, which is thirty (30) days prior to the Final Approval Hearing. In order to be effective, this Request for Exclusion must include the Class Member's name and address, and should state: (1) that the Class Member is requesting to be excluded from the Parties' settlement in the case entitled, *Julian Rosario, Individually and on Behalf of All Other Persons Similarly Situated v. Valentine Avenue Discount Store, et al.,* Action No. 1:10-cv-05255; and (2) that the Class Member understands that by being excluded from the Settlement, he/she will receive no funds in conjunction with the case. If, however, a Class Member submits a timely Claim Form after submitting a Request for Exclusion, his or her opt-out request will be void.

11. Members of the Settlement Classes may not exclude themselves by filing requests for exclusion as a group or class, but must each individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator.

12. Any member of the Settlement Classes who does not properly and timely request exclusion shall be bound by all of the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the settlement fund pursuant to the Settlement Agreement. All members of the Settlement Classes who do not personally and timely request to be excluded are enjoined from proceeding against the Defendants for the claims made in the Amended Complaint.

*Objections to the Settlement*

13. Any person who does not elect to be excluded from the Settlement may, but need not, submit written comments or objections to the Settlement, including terms such as the proposed application for Class Counsel's fees and Plaintiff Rosario's service payment.

14. Any individual making an objection (an "Objector") must sign the objection personally. To object, a Class Member must file with the Court and serve on counsel of record for all Parties a written statement describing his/her reasons for objecting to the Settlement by September 8, 2015, which is thirty (30) days prior to the Final Approval Hearing. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement or any of its terms, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are postmarked by September 8, 2015, as set forth herein and detailed in the Notice attached to this Order.

15. In addition to the reasons for objection to the Settlement, an objection must state the Objector's full name and address and be signed by the Objector. It must also state the dates and position of the Objector's employment with Defendants, and the location or locations of Defendants at which the Objector was employed.

16. If an Objector intends to appear personally at the Final Approval Hearing, the Objector must include an explicit notice of the Objector's intent to appear at the hearing with the objection. If counsel is appearing on behalf of more than one Settlement Class Member who qualifies as an Objector as defined herein, counsel must identify each such Settlement Class Member, and each Settlement Class Member must have complied with the requirements of this Order.

*Final Approval Hearing*

17. A hearing on the Final Approval of the Settlement (the "Final Approval Hearing") shall be held on October 8, 2015, at 10:00 a.m., in Courtroom 11A South, of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the above-captioned action with respect to the Defendants herein, and the entry of final judgment.

18. Class Counsel's application for an award of attorneys' fees and the Class Representative Julian Rosario's application for a service payment shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for a service payment shall be filed with the Court no later than September 23, 2015, which is ten (15) days prior to the Final Approval Hearing.

19. The parties shall file a motion for Final Settlement Approval no later than September 23, 2015. The motion shall include an accurate summary of the claims made by Class Members, and a sworn statement attesting to compliance with Section 9 of the Settlement Agreement, as provided in the "Stipulation and Addendum to Settlement Agreement," dated May 12, 2015. By September 23, 2015, the parties shall also provide the Court with any objections

received, notice of objectors who wish to speak at the Fairness Hearing, and individuals who have excluded themselves from the Settlement Agreement. The parties shall electronically file the claim forms of all Class Members as one document for parties' eyes only.

20. Only Settlement Class Members who have filed and served timely notices of objection in accordance with the terms of this Order shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely file and serve an objection in writing to the Settlement, or to Class Counsel's application for fees or to Plaintiff Rosario's service award, in accordance with the procedure set forth in the Notice, and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

### *Other Provisions*

21. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22. All reasonable costs incurred in notifying members of the Settlement Classes and administering the Settlement Agreement shall be paid separately by Defendants as set forth in the Settlement Agreement and shall not in any way reduce the fund available to Class Members.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: May 29, 2015
    Brooklyn, New York